UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREPCO IMPORTS & DISTRIBUTION, LTD, | Case No.:  20CV521-DMS(BLM) |
| Plaintiff | **ORDER GRANTING MOTION TO COMPEL NON-PARTY RETAILERS TO COMPLY WITH DOCUMENT SUBPOENAS** |
| v. | |
| ARIZONA BEVERAGES USA, LLC, | |
| Defendant. | **[ECF NO. 1]** |

Currently before the Court is Defendant Arizona Beverages USA LLC's March 19, 2020 Motion to Compel Non-Party Retailers to Comply with Document Subpoenas [see ECF No. 1-2 ("MTC")],  the July 10, 2020 oppositions/responses of non-party retailers El Sol Market [see ECF No. 7 ("El Sol Oppo.")][1], Quick Korner and Qwik Korner [see ECF No. 8 ("Quick Korner Oppo.")], Minute Mart and Golden State Market [see ECF No. 9 ("MM & GS Oppo.")], Paradise Liquor [see ECF No. 10 ("Paradise Oppo.")], Aztec Liquor [see ECF No. 11 ("Aztec Oppo.")], Cost Mart Inc. [see ECF No. 12 ("Cost Mart Oppo.")], 7-Q Liquor [see ECF No. 13 ("7-Q Oppo.")], and El Sol

---

[1] ECF No. 7, entitled Non-Party Deponent CD & V Imperial, Inc. dba El Sol Market's Opposition/Response to Defendant Arizona Beverages USA, LLC's Motion to Compel appears to be identical to ECF No. 14 also entitled Non-Party Deponent CD & V Imperial, Inc. dba El Sol Market's Opposition/Response to Defendant Arizona Beverages USA, LLC's Motion to Compel. For clarity, the Court will refer to both documents as "El Sol Oppo."

1  Market [see ECF No. 14 ("El Sol Oppo.")], and Defendant's July 17, 2020 Reply [see ECF No. 15

2  ("Reply")].  For the reasons set forth below, Defendant's motion is **GRANTED**.

3  **FACTUAL BACKGROUND**

4       This matter stems from an underlying case in the Central District of California, 18CV2605-

5  JGB(SP) and is related to 19-cv-02204-DMS-BLM, <u>Trepco Imports & Distribution, LTD v. Arizona</u>

6  <u>Beverages USA, LLC</u>.   MTC at 6.   In the Central District case, Plaintiff Trepco Imports &

7  Distribution, LTD alleges claims of price discrimination under the Robinson-Patman Act, 15 U. S.

8  C. § 13 ("RPA").  ECF No. 1-3, Declaration of Sharon G. Gelbart In Support of Arizona Beverages

9  USA LLC's Motion to Compel Non-Party Retailers to Comply with Document Subpoenas ("Gelbart

10 Decl.") at Exh. A (Second Amended Complaint in 18cv2605-JGB(SP)).   Plaintiff alleges that

11 Defendant Arizona Beverages USA, LLC "violated the RPA by charging Trepco a higher price for

12 its iced tea products than it charges to Trepco's alleged competitors."  MTC at 6; see also Gelbart

13 Decl. at Exh. A.  Plaintiff, an independent wholesaler, sells Arizona Ice Tea and other beverages

14 to "retail convenience stores, liquor stores, gas stations, independent grocers and smoke shops."

15 <u>Id.</u>; see also Gelbart Decl. at Exh. A at ¶ 13.  Defendant sold cases of Arizona Ice Tea to Plaintiff

16 for $12.19 a case, but beginning in 2012, Defendant informed Plaintiff that it was no longer

17 eligible for the $12.19 price, and that the new price would be $13.65 per case.  Gelbart Decl. at

18 Exh. A ¶¶ 17-19.  After the price increase, Plaintiff's competitors continued to receive cases of

19 Arizona Ice Tea at lower prices.  <u>Id.</u> at ¶ 19.  Plaintiff specifically identified seventeen customers

20 from whom it lost sales after the price increase including

21
22       Quick Korner • 7-Q Liquor • Aztec Liquor • Minute Mart • Qwik Korner • Golden
        Gate Market • Bobar No. 8 • Palm Ave Market • Bowman's Market • Neighbors
23       Market • Ace Liquor • Cost Mart • Bobar No. 1 • El Sol No. 3 • Twin Oaks • Central
        Liquor • Paradise Liquor.
24

25 MTC at 6; see also Gelbart Decl. at Exh A ¶37.

26 **DISCOVERY BACKGROUND**

27       On July 25, 2019, Defendant served Requests for Production of Documents ("RFPs") on

28 Plaintiff seeking information such as Plaintiff's sales of Arizona Ice Tea products to its customers

2

from 2010 to the present.  MTC at 7; <u>see also</u> Gelbart Dec. at ¶ 4, Exh. C.  After objecting to most of the requests, Plaintiff responded that "(1) it lost all of its transactional-level[2] electronic sales data showing its sales of Arizona iced tea products from before August 2013;[3] and (2) it does not have accurate transactional-level electronic sales data showing its sales of Arizona iced tea products for at least the first half of 2014.[4]"  <u>Id.</u>; <u>see also</u> Gelbart Decl. at ¶¶ 6-7; Exhs. D-E.  Plaintiff further responded that it does not maintain many of its paper records regarding past purchase orders or invoices in an organized manner and could not confirm that those records are exhaustive.  <u>Id.</u>; <u>see also</u> Gelbart Decl. at ¶ 8, Exh. F.

On October 31, 2019, Defendant served document subpoenas on the seventeen retailers identified in Plaintiff's complaint as lost customers.  <u>Id.</u> at 8; <u>see also</u> Gelbart Decl. at Exhs G-W.  The subpoenas seek responses to eleven RFP's for the time frame of January 1, 2010 to the present and do not seek any deposition testimony.  <u>Id.</u>  Responses to the subpoenas were due on November 14, 2019.  <u>Id.</u>; <u>see also</u> Gelbart Decl. at ¶ 10.  None of the subpoenaed retailers served any objections or responses to the subpoenas by November 14, 2019.  <u>Id.</u>  One retailer, Central Liquor, requested an extension of time to respond which was granted, but the retailer never objected or responded.  <u>Id.</u> at n.5; <u>see also</u> Gelbart Decl. at ¶ 11.

On November 15, 2019, Plaintiff's counsel emailed defense counsel objecting to the subpoenas and filed a Motion for a Protective Order Re:17 Document Subpoenas in the related

---

[2] The term "transactional-level data" is used throughout this motion to refer to data showing, for each individual sale or purchase, what products were sold or purchased at what price to whom and when.  It is the opposite of aggregate or summary data.

[3] Specifically, for the years 2010 to August-2013, Trepco claims to have lost all of its electronic transactional-level data, i.e., all of the electronic data that would reveal when, how much, and to whom Trepco sold Arizona iced tea products.  (Gelbart Decl.¶ 6.)  The only electronic data that remains is yearly summary data showing Trepco's total sales of Arizona iced tea products. (Id.)

[4] Trepco claims that a software issue at its warehouses resulted in sales being wrongly counted throughout part of 2014.  As a result, it claims that at least half of the 2014 electronic transactional-level sales data is inaccurate and unreliable.  (Gelbart Decl. ¶ 7.)

Southern District case, 19-cv-02204-DMS-BLM, <u>Trepco Imports & Distribution, LTD v. Arizona Beverages USA, LLC</u>.  <u>Id.</u> at 8; <u>see</u> <u>also</u> Gelbart Decl. at ¶ ¶ 12-13.  On February 3, 2020, the Court issued an order Denying Plaintiff's Motion.  <u>See</u> Docket for 19-cv-02204-DMS-BLM at ECF No. 6.

On February 10, 2020, Defendant attempted to contact each of the subpoenaed retailers via letter and extended the deadline to respond to the subpoenas to February 18, 2020.  MTC at 8; <u>see</u> <u>also</u> Gelbart Decl. at ¶ 15, Exh. Z.  None of the seventeen retailers responded or reached out to Defendant for an extension of time to respond.  <u>Id.</u>; <u>see</u> <u>also</u> Gelbart Decl. at ¶ 16.  On February 26, 2020, Defendant attempted to contact the retailers via telephone, but either received no response, was promised a call back that never came, or was hung up on.  <u>Id.</u> at 9; <u>see</u> <u>also</u> Gelbart Decl. at ¶ 17.  The one exception was Mr. Adel Yalda who owns at least seven of the retailers at issue[5] and who informed Defendant that he provided Plaintiff with sample invoices on February 14, 2020 after speaking with Plaintiff's part owner and CEO, Mr. Al Paulus.  <u>Id.</u>; <u>see</u> <u>also</u> Gelbart Decl. at ¶ ¶ 18-19.  Mr. Yalda agreed to send copies of the paperwork to Defendant which he did on February 27, 2020, however, the production included only one invoice for each of the seven stores.  <u>Id.</u>; <u>see</u> <u>also</u> Gelbart Decl. at ¶ 20.  Two days after receiving the single invoice, on March 6, 2020, Plaintiff informed Defendant that it received seven invoices from Mr. Yalda and emailed them to Defendant.  <u>Id.</u> at 9-10; <u>see</u> <u>also</u> Gelbart Decl. at ¶ 21.  Defendant called Mr. Yalda on March 9 and 10, 2020 seeking additional responses and requesting that Mr. Yalda send a letter by March 11, 2020 clearly stating what else, if anything, he intended to produce.  Gelbart Decl. at ¶ 22.  Mr. Yalda did not send a letter or any additional responsive documents.  <u>Id.</u>

On March 19, 2020, Defendant filed a Motion to Compel Non-Party Retailers to Comply

---

[5] Mr. Yalda owns or operates (1) Qwick Corner; (2) Quick Korner; (3) Minute Mart; (4) Golden Gate Market; (5) Paradise Liquor; (6) Aztec Liquor; (7) Cost Mart; and (8) 7-Q Liquor.  ECF No. 15-1, Declaration of David S. Harris in Support of Defendant Arizona Beverages USA LLC's Reply in Support of Its Motion to Compel Non-Party Retailers to Comply with Document Subpoenas ("Reply Decl.") at ¶ 3; <u>see</u> <u>also</u> MTC at 9 n.6.

4

with Document Subpoenas.  ECF No. 1.  On June 10, 2020, the matter was transferred from Judge Lorenz and Judge Dembin to Judge Sabraw and Judge Major pursuant to the low number rule because this matter is related to 19-cv-02204-DMS-BLM, <u>Trepco Imports & Distribution, LTD v. Arizona Beverages USA, LLC</u>.  ECF No. 4.  On June 11, 2020, the Court issued a briefing schedule requiring Defendant to serve a copy of the briefing schedule on Plaintiff Trepco Imports & Distribution, Ltd. and on all of the subpoenaed entities.  ECF No. 5.  The Court further ordered that any opposition to the motion be filed on or before July 10, 2020 and any reply be filed on or before July 17, 2020.  <u>Id.</u>  The parties and non-parties timely filed the pleadings as ordered. <u>See</u> El Sol Oppo., Quick Korner Oppo., MM & GS Oppo., Paradise Oppo., Aztec Oppo., Cost Mart Oppo., 7-Q Oppo., and Reply.

## LEGAL STANDARD

A.    <u>Federal Rule of Civil Procedure 45 – Subpoena</u>

Fed. R. Civ. P. 45 establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit.  <u>See</u> Fed. R. Civ. P. 45.  Objections to subpoenas must be "served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Fed. R. Civ. P. 45(d)(2)(B).  If an objection is made, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."  Fed. R. Civ. P. 45(d)(2)(B)(i).  "These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."  Fed. R. Civ. P. 45(d)(2)(B)(ii).

Courts have broad discretion to determine whether a subpoena is unduly burdensome. <u>See</u> <u>Exxon Shipping Co. v. U.S. Dep't of Interior</u>, 34 F.3d 774, 779 (9th Cir. 1994); <u>see</u> <u>also</u> <u>Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.</u>, 333 F.3d 38, 41 (1st Cir. 2003).  For example, a subpoena is unduly burdensome where it seeks to compel testimony of a witness or production of documents regarding topics unrelated to or beyond the scope of the litigation. <u>See</u> <u>Mattel, Inc. v. Walking Mountain Prods.</u>, 353 F.3d 792, 813-14 (9th Cir. 2003) (holding subpoenas properly quashed where their overbreadth led the court to conclude that such

1    subpoenas were "served for the purpose of annoying and harassment and not really for the

2    purpose of getting information.").  Moreover, "if the sought-after documents are not relevant,

3    nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever

4    imposed [] would be by definition 'undue.'"  <u>Compaq Computer Corp. v. Packard Bell Elec., Inc.</u>,

5    163 F.R.D. 329, 335-36 (N.D. Cal. 1995).

6                                    **DEFENDANT'S POSITION**

7         Defendant seeks an order from the Court compelling the subpoenaed retailers to comply

8    with the subpoenas.  MTC at 18.  Defendant argues that because none of the seventeen retailers

9    objected to the subpoenas by the response deadline, they have waived all objections.  <u>Id.</u> at 10.

10   Defendant also argues that any objections that could have been made would have been

11   meritless because the document requests contained in the subpoenas are relevant, not unduly

12   burdensome or disproportionate to the needs of the case, and seek documents that cannot be

13   obtained from Plaintiff.  <u>Id.</u> at 11-18.

14        **QUICK KORNER, MINUTE MART AND GOLDEN STATE MARKET, PARADISE**

15          **LIQUOR, AZTEC LIQUOR, COST MART, AND 7-Q LIQUOR'S POSITIONS[6]**

16        Quick Korner, Minute Mart and Golden State Market, Paradise Liquor, Aztec Liquor, Cost

17   Mart, and 7-Q contend that they have fully complied with the subject subpoenas.  <u>See</u> Quick

18   Korner Oppo. at 2; MM & GS Oppo. at 2, Paradise Liquor Oppo. at 2, Aztec Liquor Oppo. at 2,

19   Cost Mart Oppo. at 2, and 7-Q Liquor Oppo. at 2; <u>see also</u> ECF Nos. 8-1, 9-1, 10-1, 11-1, 12-1,

20   and 13-1, Supporting Declarations of Maura Griffin ("Oppo. Decls.") at ¶ 5.  They also contend

21   that they have met and conferred with Defendant since March 2020 regarding the subject

22   subpoenas and that they provided an incomplete production to Defendant prior to retaining

23   _____

24   [6] All of the non-party retailers are represented by the same counsel and the oppositions are
     nearly identical.  The oppositions for Quick Korner, Minute Mart and Golden State Market,
25   Paradise Liquor, Aztec Liquor, Cost Mart, and 7-Q Liquor are identical.  ECF Nos. 8-13.  The
     opposition for El Sol Market [<u>see</u> ECF Nos. 7 and 14] varies slightly as discussed later in the
26   order.  All of the oppositions are supported by a declaration from Maura Griffin, the attorney
     representing the non-party retailers. <u>See</u> ECF Nos. 7-1, 8-1, 9-1, 10-1, 11-1, 12-1, 13-1, and 14-
27   1.

28

                                              6

counsel.  Id.; see also Oppo. Decls. at ¶ 2.  On June 18, 2020, the retailers produced additional purchase orders and invoices "for Arizona Ice Tea from any vendor which represented all purchase orders and invoices related to Arizona Ice Tea that the Business maintained[,]" but only from 2017 to the present as they only retain business records for three years.  Id.; see also Oppo. Decls. at ¶ 3.  After additional meeting and conferring, on July 7 and 8, 2020, the retailers produced three additional batches of documents containing Trepco invoices for purchases of any product for the last three years.  Id.; see also Oppo. Decls. at ¶ 4.   The retailers formally responded to the subpoenas on July 10, 2020.  Id. at 2-3; see also Oppo. Decls. at ¶ 5.  The retailers have produced all responsive documents in their possession except they have not responded to Request No. 6 which they contend is overbroad, overburdensome, harassing, and irrelevant, while acknowledging that they have waived their objections by not timely responding to the subpoenas.  Id. at 3; see also Oppo. Decls. at ¶ ¶ 5-6.  After additional meet and confer efforts, the retailers have "agreed to provide a declaration from the[ir] Business listing the wholesalers from which it purchases (i) any product and (ii) Defendant's products to the best of its recollection in order to comply with this demand."  Id.; see also Oppo. Decls. at ¶ 6.  Defendant agrees that this will satisfy the information sought in Request No. 6.  Id. at 4; see also Oppo. Decls. at ¶ 7.

Quick Korner, Minute Mart and Golden State Market, Paradise Liquor, Aztec Liquor, Cost Mart, and 7-Q further contend that because they have responded to the subpoenas with all of the responsive documents in their possession and because Defendant does not seek sanctions in its motion, the Court should deny the motion as moot.  Id.  Finally, Quick Korner, Minute Mart and Golden State Market, Paradise Liquor, Aztec Liquor, Cost Mart, and 7-Q further note that the magistrate judge in the Central District case limited Defendant's discovery of Plaintiff's sales to sales only involving Defendant's products and that Defendant never mentioned the magistrate judge's order limiting the scope of their discovery requests.  Id. at 4-5; see also Oppo. Decls. at ¶ 8.

## EL SOL MARKET'S POSITION

El Sol Market contends that it retained business counsel on July 6, 2020 to assist them

with producing the responsive documents.  El Sol Oppo. at 1-2.; see also ECF No 7-1, Declaration of Maura Griffin ("Griffin Decl.") at ¶ 2.  Business counsel immediately contacted Defendant to inform Defendant of their representation and that El Sol had provided hundreds of pages of documents in response to the subpoenas.  Id. at 2.  On July 7, 2020, business counsel emailed Defendant a Dropbox link to the documents which included purchase orders and invoices for 2016-2019.  Id.; see also Griffin Decl. at ¶ 3.  El Sol does not maintain records from before 2016 and, therefore, cannot produce any documents prior to 2016.  Id.; see also Griffin Decl. at ¶ 2.  El Sol also formally responded to the subpoena on July 10, 2020.  Id. at 2-3; see also Griffin Decl. at ¶ 3, Exh. 1.

El Sol also contends that because it has responded to the subpoenas with all of the responsive documents in their possession and because Defendant does not seek sanctions in its motion, the Court should deny the motion as moot.  Id.  El Sol notes that the magistrate judge in the Central District case limited Defendant's discovery of Plaintiff's sales to sales only involving Defendant's products and that Defendant never mentioned the magistrate judge's order limiting the scope of their discovery requests.  Id.

## BOBAR NO. 8, PALM AVENUE MARKET, BOWMAN'S MARKET, NEIGHBORS MARKET, ACE LIQUOR, BOBAR NO. 1, TWIN OAKS, AND CENTRAL LIQUOR'S POSITITIONS

Non-Party retailers Bobar No. 8, Palm Avenue Market, Bowman's Market, Neighbors Market, Ace Liquor, Bobar No. 1, Twin Oaks, Central Liquor did not respond to the subpoenas or oppose Defendant's motion.  See Docket; see also Reply at 2-3.

## DEFENDANT'S REPLY

Defendant replies that the Court should order the eight retailers who have not responded to the subpoenas to comply with the subpoenas.  Reply at 2.  Defendant also replies that the remaining retailers responded and produced documents at the last minute and accordingly, Defendant has not had time to confirm that the retailers have produced all responsive documents and is still awaiting declarations from the retailers, including El Sol, who Defendant understands will be providing Defendant a declaration as well even though it was not mentioned in El Sol's

20CV521-DMS(BLM)

1    opposition.  Id. at 2-4.  Defendant asks that the Court grant the motion as to these retailers as

2    well so as to ensure their continued cooperation.  Id.

3                                          **DISCUSSION**

4            If an opposing party fails to file opposition papers or a statement of non-opposition[7] in

5    the manner required by CivLR 7.1.e.2, "that failure may constitute a consent to the granting of

6    a motion or other request for ruling by the court."  CivLR 7.1(f)(3)(c).  Moreover, "[a] non-

7    party's failure to make timely objections to a Rule 45 subpoena generally results in the finding

8    that any objections have been waived."  On Demand Direct Response, LLC v. McCart-Pollak,

9    2019 WL 1867427, at *1 (D. Nev., Apr. 25, 2019) (citing Moon v. SCP Pool Corp., 232 FRD 633,

10   636 (CD CA 2005) (citing Creative Gifts, Inc. v. UFO, 183 F.R.D. 568, 570 (D.N.M. 1998)); see

11   also F. Subpoena, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-F ("Failure to

12   serve timely objections waives all grounds for objection, including privilege.")  (citing In re DG

13   Acquisition Corp., 151 F3d 75, 81 (2nd Cir. 1998) (privilege against self-incrimination waived by

14   delay) and Moon, 232 FRD at 636)).  However, "[i]n unusual circumstances and for good cause,

15   … the failure to act timely will not bar consideration of objections."  Moon, 232 F.R.D. at 636.

16   Unusual circumstances exist where the subpoena is overbroad on its face and exceeds the

17   bounds of fair discovery and the subpoenaed witness is a non-party acting in good faith.  Id.

18           Here, non-parties Bobar No. 8, Palm Ave. Market, Bowman's Market, Neighbors Market,

19   Ace Liquor, Bobar No. 1, Twin Oaks, and Central Liquor failed to respond to, comply with, or

20   object to Plaintiff's subpoenas.  They also failed to respond to defense counsel's efforts to

21   communicate regarding the subpoenas and his efforts to arrange compliance.  Gelbart Decl. at

22   ¶ ¶ 24-32 (explaining defense counsel's efforts to call the retailers and not receiving an answer,

23   being hung up on, or promised a return call that never came).  Finally, Bobar No. 8, Palm Ave.

24   Market, Bowman's Market, Neighbors Market, Ace Liquor, Bobar No. 1, Twin Oaks, and Central

25   _____

26   [7] If a party chooses not to oppose a motion, "the party must file a written statement that the
     party does not oppose the motion or other request for ruling by the court."  Civil Local Rule
27   ("CivLR") 7.1(f)(3)(a).

28

20CV521-DMS(BLM)

Liquor failed to oppose Defendant's motion to compel, file a notice of non-opposition, seek additional time to respond, or acknowledge the instant motion in any way.  <u>See</u> Docket.  Additionally, a review of Defendant's pleadings indicates that the subpoenas were properly completed, signed, and served.  Gelbart Decl. at ¶ ¶ G-W.  The Court also has reviewed the subpoenas and determined that they are not overbroad on their faces and they do not exceed the bounds of fair discovery.  Accordingly, the Court **GRANTS** Defendant's motion as to Bobar No. 8, Palm Ave. Market, Bowman's Market, Neighbors Market, Ace Liquor, Bobar No. 1, Twin Oaks, and Central Liquor and makes the following findings:

1.   Bobar No. 8, Palm Ave. Market, Bowman's Market, Neighbors Market, Ace Liquor, Bobar No. 1, Twin Oaks, and Central Liquor have waived their rights to object to the subpoenas.

2.   Defendant's motion to compel compliance with the subpoenas is **GRANTED**.

3.   Defendant is **ORDERED** to serve a copy of this order on Bobar No. 8, Palm Ave. Market, Bowman's Market, Neighbors Market, Ace Liquor, Bobar No. 1, Twin Oaks, and Central Liquor.

4.   Bobar No. 8, Palm Ave. Market, Bowman's Market, Neighbors Market, Ace Liquor, Bobar No. 1, Twin Oaks, and Central Liquor are **ORDERED** to provide a complete response to the subpoenas **<u>within two weeks of being served with this order</u>**.

5.   Bobar No. 8, Palm Ave. Market, Bowman's Market, Neighbors Market, Ace Liquor, Bobar No. 1, Twin Oaks, and Central Liquor's failure to comply with this order may result in the imposition of sanctions.

With respect to the non-party entities that have produced documents in response to the subpoenas, but still owe Defendant declarations, Defendant's motion is **GRANTED** as follows:

1.   Defendant is **ORDERED** to serve a copy of this order on Quick Korner/Qwik Korner, Minute Mart and Golden State Market, Paradise Liquor, Aztec Liquor, Cost Mart, 7-Q Liquor, and El Sol Market.

2.   Non-Parties Quick Korner/Qwik Korner, Minute Mart and Golden State Market,

Paradise Liquor, Aztec Liquor, Cost Mart and 7-Q Liquor are **ORDERED** to serve their declarations "listing the wholesalers from which [they] purchase[d] (i) any product and (ii) Defendant's products to the best of its recollection" on Defendant or before **August 12, 2020**. It is unclear from the pleadings if El Sol Market also agreed to provide Defendant with a declaration. If it has, that declaration must also be provided on or before **August 12, 2020**.

      3.     Failure to comply with this order may result in the imposition of sanctions.

      **IT IS SO ORDERED**.

Dated: 7/28/2020

Hon. Barbara L. Major
United States Magistrate Judge

11

20CV521-DMS(BLM)